An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1051

Filed 1 July 2026

Buncombe County, Nos. 21CR090091-100, 21CR090100-100, 22CR000118-100, 22CR000120-100

STATE OF NORTH CAROLINA

v.

MARCUS SINGLETON, Defendant.

Appeal by defendant from judgments entered on or about 17 November 2023 by Judge Jacqueline D. Grant in Superior Court, Buncombe County. Heard in the Court of Appeals 23 September 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Ashley C. Council, for the State.*

*Dunn, Pittman, Skinner & Ashton, PLLC, by Rudolph A. Ashton, III, for defendant-appellant.*

STROUD, Judge.

Defendant purports to appeal judgments for trafficking, opium or heroin; possession of a firearm by felon; felony possession Schedule II controlled substance; and attaining the status of habitual felon. Defendant entered his notice of appeal in open court immediately after the jury's verdict on the charges of trafficking, opium or

heroin; possession of a firearm by felon; and felony possession Schedule II controlled substance was read.[1] The trial court then proceeded to the second phase of the trial, regarding "the determination of whether or not the defendant has habitual felon status." The State then presented evidence regarding the habitual felon status and the jury was instructed, deliberated on this issue, and returned a verdict of guilty. The trial court then proceeded to the sentencing hearing. Defendant did not give notice of appeal regarding the habitual felon charge.

Because Defendant gave notice of appeal immediately after the verdict was announced on three of the charges and before sentencing or entry of judgment on any of the four charges, this Court does not have appellate jurisdiction. *See State v. Jones*, 296 N.C. App. 512, 515, 909 S.E.2d 373, 376 (2024) (noting that "after verdicts but prior to sentencing" the defendant entered notice of appeal and "[a]s [the d]efendant prematurely entered oral notice of appeal before entry of the final judgment in violation of Rule 4, this Court does not have jurisdiction to hear the [d]efendant's direct appeal"). Defendant did not file a petition for certiorari. This appeal is dismissed.

DISMISSED.

Judges COLLINS and GRIFFIN concur.

---

[1] The record on appeal purports to include the transcript page including Defendant's notice of appeal, but the page in our record cited in Defendant's brief as confirmation of Defendant's notice of appeal does not include Defendant's notice of appeal. Instead, it includes the trial court's announcement that it will "appoint [an] appellate defender to represent" Defendant for his appeal.

Report per Rule 30(e).